UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL EARL STAMPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-CV-58 JAR |
| ) | |
| CHRISTOPHER K. LIMBAUGH, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Michael Earl Stamps, an inmate at Cape Girardeau County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff arising out of the same facts. In addition, plaintiff has filed a motion for preliminary injunction which will be denied for the reasons stated below.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a motion to proceed in forma pauperis and an affidavit in support, but has not filed a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. Plaintiff states that he was unable to obtain a copy of his account statement because the jail refused to provide one. After reviewing plaintiff's motion and affidavit, the Court will require plaintiff to pay an initial partial filing fee of $1, an amount that is reasonable based upon the information the Court has about plaintiff's finances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights. Named as defendants are Christopher K. Limbaugh (Prosecuting Attorney, Cape Girardeau County); James Goins (Police Officer, Cape Girardeau Police Department ("CGPD"); Jerry Franks (Detective, CGPD); Officer Templeton (Police Officer, CGPD); and the County of Cape Girardeau.

Plaintiff's twenty-one page complaint states plaintiff's version of the events leading up to his confinement in Cape Girardeau County Jail for first degree robbery and armed criminal action, and why he believes the Cape Girardeau police and prosecutor are violating his civil rights. According to plaintiff's complaint, on March 18, 2016 a man named Travis Paul

Dickerson was robbed at knifepoint in his car after cashing a tax refund check at Wal-Mart in Cape Girardeau County. Through surveillance footage and motor vehicle records, Cape Girardeau police identified twelve suspects. Through a photo line-up, the victim identified plaintiff Michael Stamps and another individual as the men who had robbed him, stating that he was 75 to 80 percent sure these were the perpetrators.

In his complaint, plaintiff states that he was not involved in the crime and that he was working at Midtown Landscaping on the day Mr. Dickerson was robbed. He states his employer would verify through his timesheets that he was at work during the robbery. He also states that through fingerprint analysis, he was completely eliminated as a source of a set of fingerprints in Mr. Dickerson's car. Plaintiff states he has been shown an earlier police report filed by Mr. Dickerson that contradicts his later police report, and the prosecutor has not produced this exculpatory evidence.

Plaintiff alleges, without support, collusion between his public defender and the prosecutor, which caused his public defender to hide exculpatory evidence at his preliminary hearing, including his work schedule and time sheet. Plaintiff also states that his public defender did not notify him of a court date while he was on bond, and thus his bond was revoked. Plaintiff states defendant the County of Cape Girardeau fails to train police officers in proper investigation techniques and allows officers to pursue cases without probable cause. Finally, plaintiff asserts a state law claim of intentional infliction of emotional distress against the defendants. For relief, plaintiff seeks an injunction and damages in excess of $2.5 million.

## Discussion

In *Wallace v. Kato*, 549 U.S. 384, 397 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at

the time the claimant is detained pursuant to legal process." The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. The Court instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the Court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in a conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

On June 5, 2017, plaintiff was arraigned in Cape Girardeau County Court, and charged with one count of first degree robbery and one count of armed criminal action. *See State v. Stamps*, No. 17CG-CR00356-01 (32nd Judicial Circuit, Cape Girardeau). Plaintiff's case is still pending in Cape Girardeau County Circuit Court, and the next hearing date is scheduled for April 16, 2018.

Although plaintiff does not specifically assert a claim for false arrest, he asserts § 1983 claims for illegal seizure, failure to conduct an adequate investigation, "unlawful pretrial detention," substantive due process violations of his right to be free of illegal restraint, and conspiracy. These claims relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id.* The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through state criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging

unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Finally, plaintiff has filed a motion for a preliminary injunction to "HALT the progress of the pending state criminal proceeding." In *Younger v. Harris*, 401 U.S. 37, 46 (1971), the Supreme Court held that principles of equity, comity, and federalism dictate that federal courts should generally refrain from enjoining ongoing state criminal proceedings, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. Here, the Court concludes that abstention is warranted under *Younger*. Plaintiff is part of an ongoing state judicial proceeding arising out of the same facts as this § 1983 case; plaintiff's allegations implicate important state interests; and an adequate opportunity exists in the state proceeding to raise constitutional challenges. Finding no "extraordinary circumstances" that would justify interfering with plaintiff's pending state judicial proceedings, the Court will deny plaintiff's motion for preliminary injunction. *See Younger*, 401 U.S. at 43-44.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED.** [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against plaintiff in *State v. Stamps*, No. 17CG-CR00356-01 (32nd Judicial Circuit, Cape Girardeau).

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days to notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Stamps*, No. 17CG-CR00356-01 (32nd Judicial Circuit, Cape Girardeau).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by this Court after a ruling on plaintiff's motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction to halt the state court criminal proceedings is **DENIED**. [ECF No. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel and motion to expedite initial review are **DENIED as moot**. [ECF Nos. 3 and 8]

Dated this 11th day of April, 2018.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE